The opinion of the Court was delivered by
Todu, J.
The defendant was indicted for burglary, was tried, convicted, and sentenced to imprisonment at hard labor for three years, and to pay a fine of $250 and costs, and from this sentence has appealed.
There were two counts in the indictment. The first charged the defendant with the felonious entering and breaking into a storehouse in the night time ; and the second count charged the felonious entering in the night time, without breaking.
*1136 The jury first brought in a verdict of guilty of trespass, having been previously instructed by the Judge presiding, that this was one of the verdicts they could render in the case. The Judge refused to permit the verdict to be recorded, and stated to the jury that he had erred in charging them that they could return such a verdict, and then instructed them that they could only find the following verdict's : “ Guilty under the first count,” guilty under second count,” or “ not guilty,” and sent them back to the jury room for further deliberation.
The jury tliereuirou retired, and again returning, brought in a verdict of “ guilty as charged.” This verdict the Judge first directed to be recorded, but immediately countermanded the order, not, however, before the clerk had recorded it, it appearing from the bill of exceptions that the clerk had written down part of the verdict before receiving the order to 'record. The Judge refused to have this verdict announced, and again directed the jury to retire. They did so, and in a short time returned with a verdict of “ guilty of second count.” This verdict was recorded and the jury discharged.
The proceedings relating to these last two verdicts and the refusal of the Judge to receive the first one, are charged as being irregular and illegal, and bills of exceptions were taken to them, and they were made grounds of motions for new trial and in arrest of judgment.
1. That the proceedings were irregular is not to be denied, but after a close review of them, and examining the law bearing on the subject, we have arrived at the conclusion that the proceedings in question were not irregularities of so grave a nature as to vitiate the sentence or to deprive the accused of any substantial legal right.
A verdict must be responsive to the charge. This is essential. That the first returned was not so responsive, a reference to the statute relating to trespass, cited and relied on by defendant’s counsel, makes apparent.
The accused was indicted for burglary; one count charging the felonious breaking and entering the storehouse, and the other, as before stated, the entering without breaking.
The Section referred to, relative to trespass, is as follows:
“ Whoever shall wilfully, maliciously or wantonly injure or deface any dwelling house, storehouse, or other buildings, * * * shall be deemed guilty of a trespass,” etc.
Where this verdict is not responsive to the charge, it is null, and the jury was properly directed to retire and bring in a legal verdict, and the fact that the Judge, through error, had instructed them that they could return such a verdict does not affect the question. 1 Archibald, 601, notes; Graham & W. New Trials, Vol. 3, p. 1378 ; 3 Parker Crim. Rep. 552.
*1137 2. The second verdict returned was equally unauthorized and detective. Two grades of the same offense, burglary, subject to different penalties, were charged respectively in two counts. The general verdict of “ guilty,” left it wholly uncertain of what charge the accused was convicted, whether of the highest or lowest grade of burglary. Whether the Judge could legally sentence the accused on such a verdict, the authorities are divided; but this much is certain, that none of them authorized him on a general verdict to impose the penalty for the lighter grade of the offense; and had the sentence then been passed, the accused must necessarily have received a severer sentence than was subsequently imposed, and the sending back of the jury and the refusal of the Judge to receive this verdict, was in interest of the accused and resulted to his advantage. The recording of this verdict, under the circumstances stated, was without legal significance.
3. There is no force in the objection to the indictment for duplicity and misjoinder of offenses, which is one of the grounds of the motion in arrest. The indictment was for burglary, and contained two counts, each charging a distinct grade of the offense. This was entirely regular.
4. Lastly, it is assigned as error that the sentence was illegal in this, that this sentence or judgment was signed by the Judge a quo, and recited, among' the other reasons for judgment, that the jury, by their verdict, found the accused “ guilty as charged; ” that the sentence was inconsistent with such verdicts, which would have authorized only a sentence for the highest grade of the offense, and that the penalty imposed showed that the accused was sentenced for the lighter grade. It is not often that we are called on to listen to a complaint from an offender that his punishment was lighter than the law allowed, for this seems to be the drift and conclusion of the argument.
In point of fact, however, the record plainly discloses that the accused was convicted of the grade of burglary charged in the second count of the indictment. The verdict of record so declares, and the sentence itself, that is, the actual punishment inflicted, is in exact accordance with the verdict, and the grade of the offense of which the accused was found guilty; and no error in the recital of the proceedings, which usually precede the words defining or fixing the penalty imposed, and which recital is not essential, can vitiate or impair a sentence which the law and the record justified.
We find no error or irregularity in the proceedings entitling the party to relief.
The judgment is, therefore, affirmed.